# CHARLESTON.

### MILTON FIELDS v. DIRECTOR GENERAL OF RAILROADS.

Submitted September 14, 1920.    Decided September 21, 1920.

1.  MASTER AND SERVANT—*Federal Act Makes Employer Liable for Fellow Servant's Negligence.*

    Under the Federal Employers' Liability Act, the negligence of a fellow-servant, resulting in injury to an employee, is the negligence of the employer. (p. 708).

2.  NEGLIGENCE—*Proximate Cause, if Injury is Natural Consequence.*

    If an injury is the natural and probable consequence of an act done under such circumstances and with such knowledge, as ought to have disclosed the danger to an ordinarily prudent person exercising reasonable foresight, the actor is guilty of negligence in the premises and legally liable in damages for the injury. (p. 709).

3.  MASTER AND SERVANT—*Railroad Held Liable Under Federal Act for Section Foreman's Negligence.*

    A verdict of a jury in an action against the Director General of Railroads, founded upon the action of a section foreman in charge of repair work on the track of a railroad used in interstate transportation, in prying open drop-doors of a loaded car, while a workman is endeavoring to release the cog-wheel holding them in place, under circumstances ordinarily justifying the use of his hands in a known manner in the operation, without the knowledge of the workman and without knowledge on the foreman's part, as to whether the wheel had been actually released, is well founded and cannot be disturbed by the court. (p. 709).

(WILLIAMS, PRESIDENT, absent).

86 W. Va.

Error to Circuit Court, Wayne County.

Action by Milton Fields against the Director General of Railroads. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Holt, Duncan & Holt,* for plaintiff in error.

*J. H. Strickling,* and *Johnson & Jones,* for defendant in error.

POFFENBARGER, JUDGES

Upon the assumption of lack of evidence of negligence on his part, the Director General of Railroads, obtained this writ of error to a judgment for $2,000.00, rendered against him in an action brought under the Federal Employers' Liability Act, on the theory of injury to the plaintiff's hand by reason of negligence on the part of a section foreman employed in the operation of the Norfolk and Western Railroad.

The injured hand was caught and ground in a cog-wheel on a shaft governing the chains by which drop-doors in freight cars used in hauling in bulk, coal, gravel, cinders and other materials, are operated. The doors drop from the bottom of the car and are held closed and in position, when the car is loaded, by the chains attached to them and wound up on the shaft or pulleys on it, and the shaft with the chains and door attached to it, is held in position by a dog fastened to the side of the car and dropped into a cog of the wheel on the shaft. On top of the dog, is a metal piece also attached to the side of the car or a plate fastened to it, called a latch. Its function is to hold the dog in the cog. The process of dropping the doors in unloading the car consists of knocking the lower end of the latch off of the dog with a hammer and then knocking the dog out of the cog. Theoretically, the latch, when knocked around, stands in a position of non-interference with the dog; but, after a period of use and wear, it often fails to do so and falls back on the dog, and then it is necessary to put a wedge of some kind behind it, or behind a spring designed to retain it, in order to hold it in place until the wheel is released by knocking the dog out, and this wedging operation, when necessary, involves the use of the hands, or one of them. Instead of turning the end of the latch to one side or straight up by a blow from a hammer

or other instrument, the workman moves it with his hand until it will hold or wedges it, probably using both hands in the latter case. It frequently happens that, when the cog-wheel has been fully released, the doors do not drop, even though they are in perfect order; and then they are forced down in some way,— sometimes by prying them loose with a crow-bar.

On the occasion of the injury here involved, the plaintiff undertook to release the cog-wheel. At the time, the foreman was on the side of the car opposite to him. The latter ordered the former to "knock the door," and he attempted to do so. He says he struck the latch and knocked it probably half way up, and started to take hold of it with his left hand and pull it so he could hit the dog; and that, about that time, the foreman again ordered him to "knock the door," and then the door dropped and something struck his hand and forced it into contact with the revolving cog-wheel. A witness swears he was on the car at the time and in a position to see both men alternately and that, while the plaintiff was working at the wheel and the foreman ordering him to "knock the door," the latter was prying the door with a crow-bar.

The theory of the plaintiff is that the prying of the door by the foreman, while the plaintiff was endeavoring to release the wheel, was negligence on the part of the foreman and that his negligence was imputable to the defendant, his employer. That the negligence of a fellow-workman, if any, is the negligence of the master, under and by virtue of the statute, is incontrovertible. The sole inquiry, therefore, is whether the foreman was negligent. Both he and his employer are presumed to have known the difficulties encountered in the operation of cars of the class to which the one here involved belonged, and the methods by which their departures from theoretically perfect performance of their functions were overcome. He must have known that two blows of the hammer did not always release the wheel, and that it was frequently necessary for the workman to seize the latch with his hands. Ordinarily, of course, the workman would make the latch secure before striking the dog. Prudence would require him to do so. But the latch might deceive him. The blow given it might put it out of the way,

but the jar of a second blow administered to the dog might bring it back down. so as to prevent the dog from coming entirely out of the cog. In our opinion, the obviousness of these possibilities and probabilities due to the imperfect working of theoretically perfect machinery warranted a finding by the jury that ordinary care and prudence required the foreman to know the wheel was released and that some other obstruction prevented the door from dropping, before he resorted to the use of the crow-bar. The danger incident to the dropping of the doors, and thus starting the wheel while a man's hand was on the latch, is clearly apparent. At any rate, a jury could so find. He knew it was sometimes necessary for the workman to put his hand there. When the door failed to drop, he could not safely assume the wheel had been released, for a blow or two blows did not always release it. If, in the opinion of the jury, based upon the foreman's knowledge of the facts disclosed by the evidence and above indicated, the injury was a natural and probable consequence of his act and that he, as an ordinarily prudent man, ought to have foreseen it, they could properly find that he was guilty of negligence in the use of the crow-bar, under the circumstances, and that such negligence was the proximate cause of the injury. *Walker* v, *Slrosuider,* 67 W. Va. 39, Syl. pt. 22.

A safer way of manipulating the door attachment, than that ordinarily adopted and used, when it did not work in perfect accord with the design of the inventor, may have been possible; but the method mentioned was ordinarily resorted to and the foreman must have known it was. Knowing that, through his agent, the defendant must be held to accountability on the basis of duty as fixed by the facts and circumstances known to him and in view of which he acted, not another, different and possible state of facts. Nor can the plaintiff be deemed to have adopted the unsafe one of two methods, for he adopted the usual and ordinary method and one that, presumptively, was reasonably safe, in the absence of interference by the defendant, while he was using it. The authorities relied upon by the defendant are, therefore, wholly inapplicable.

The railroad on which the injury occurred was admittedly

engaged in interstate transportation and the plaintiff employed therein.  He was engaged in the work of maintenance, repair and betterment of the road bed and track.

Seeing no error in the judgment complained of, we will affirm it.

*Affirmed.*